## J. C. Smith et al. v. Herman W. Snow.

1. VERDICTS—*Not Supported by the Evidence.*—The court holds that the burden was upon the plaintiffs in this case to show the fair, reasonable and customary price or value of the printing for which they sought to recover, in the place where it was performed; that the statement by one of the plaintiffs that "we charge ten cents a line; and in this place, the common price is ten cents a line" was not sufficient, and that the verdict is not supported by the evidence.

Assumpsit, for printing. Appeal from the Circuit Court of Kankakee County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

W. R. Hunter, attorney for appellant.

Paddock & Cooper, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the Court.

Appellant being a member of the House of Representatives of the United States Congress, delivered therein two speeches, one on May 22, 1892, and the other June 18, 1892. Appellees being the publishers of a newspaper at Kankakee, in the district represented by appellant, commenced the publication of the speech of June 18, on August 22, continuing it in their weekly publication of August 29, September 2, 9, 17 and 23, and also published it in their daily issue, claiming these publications were made by request of appellant. A dispute arose between the parties concerning which of the speeches appellant had in fact requested the publication of; appellant contending it was the one of May 22, a short speech, the appellees, on the contrary, insisting it was that of June 18, a long speech. At the trial the jury returned a verdict for $258.60 against appellant, and the court after overruling his motion for new trial gave judgment against appellant for that sum, from which he prosecutes his appeal to this court, assigning for error that there is no evidence to support the verdict, and the court erred in overruling the motion for a new trial.

In view of the errors assigned, we have carefully examined the evidence in order to determine their materiality.

The burden of proof rested upon the appellees to establish, by a preponderance of the evidence, every essential and material fact necessary to support the verdict as returned, in all its elements, including the amount of damages. This would require the appellees, by the same degree of proof, to show the fair, reasonable and customary price or value of the printing, for which they seek to recover, in the place where the work was performed. No evidence of such value appears in the record. The plaintiff, Collins, while a witness in the case, was asked by his counsel, a proper question to elicit such evidence, but for some reason, not disclosed

by the record, no direct answer was given to the question, the witness simply stating, "we charge ten cents a line, and in this place the common price is ten cents a line." This we think falls far short of proving the fair, reasonable and customary price, or value of the work in the place where it was performed, and we are therefore of the opinion the verdict is not supported by the evidence, and the court erred in overruling the motion for a new trial.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.